Clement & Murphy
PLLC

October 3, 2025

**VIA CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   Connecticut's 28(j) letter re *California v. Express Scripts*, 2025 WL
2586648 (9th Cir. Sept. 8, 2025)

Dear Ms. Wolfe:

Connecticut finds no support in *California v. Express Scripts*. *California* involved a very different factual context where California truly disclaimed recovery for certain federal-related opioid claims. Connecticut, by contrast, disclaims nothing, but has filed two duplicative groundwater contamination lawsuits in an effort to defeat federal jurisdiction over one of them, despite 3M's plausible allegations that PFAS from MilSpec AFFF and non-AFFF PFAS are commingled at sites at issue in this lawsuit. When the Fourth Circuit confronted that precise situation, it correctly rejected the States' divide-and-defeat-federal-jurisdiction gambit. *Maryland v. 3M Co.*, 130 F.4th 380, 389 (4th Cir. 2025). *California* expressly distinguished *Maryland* as involving the "unique facts" of "pollution discharged into a waterway in which the source of the contaminant might be difficult to identify." *California*, 2025 WL 2586648, at *14. This case presents exactly those "unique facts," making *Maryland*, not *California*, the relevant precedent. *Id.*

To be sure, the Ninth Circuit also criticized *Maryland* based on its apparent belief that "it could be possible to produce statistical models that can accurately calculate proportions of tortious harms attributable to federal versus non-federal sources." *California*, 2025 WL 2586648, at *14. 3M plausibly disputes that possibility; regardless, whether and to what extent PFAS contamination can be attributed to federal and non-federal sources—i.e., the extent to which a federal defense protects a federal contractor—is decidedly a question for federal courts. As the First Circuit recently emphasized, plaintiffs cannot deprive defendants of a federal forum by "circular" disclaimers that leave "a state court to determine the nexus 'between the charged conduct and federal authority.'" *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 187-88 (1st Cir. 2024).

Finally, *California* relied on *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). That was mistaken: *Royal Canin* involved federal-question jurisdiction, and the plaintiff amended its complaint to drop the federal claim altogether. This case involves federal-officer jurisdiction, where the removal petition's plausible allegations—that despite its disclaimer, Connecticut seeks recovery at sites with indistinguishable,

October 3, 2025
Page 2 of 2

commingled PFAS that implicate 3M's federal defenses—must be credited. *Agyin v. Razmzan*, 986 F.3d 168, 175 (2d Cir. 2021).

Respectfully,

<u>s/Paul D. Clement</u>
Paul D. Clement

*Counsel for Defendants-Appellants*

Cc: All Counsel of Record