

OFFICE OF THE ATTORNEY GENERAL
CONNECTICUT

CHRISTOPHER KELLY
ASSISTANT ATTORNEY GENERAL

Phone: +1 860-808-5250

May 6, 2026

**VIA ELECTRONIC FILING**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: 3M Company's 28(j) letter re *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813 (U.S.) (Apr. 17, 2026)

Dear Ms. Wolfe:

*Chevron* does not support reversal here. The Supreme Court denied remand where Chevron cited multiple federal directives that plausibly authorized the very practices targeted by the complaint. *See* Op. 10. Even if those practices were not strictly required, the Court considered how the targeted practices were undertaken to perform those federal duties. Op. 9-10. Although, as 3M highlights, the *Chevron* complaint never referenced wartime oil production, it specifically targeted acts that were plausibly federal conduct, which allowed the company to allege a "relationship between its challenged conduct and the performance of its federal duties" which was not "tenuous, remote, or peripheral." Op. 9.

This case is not like *Chevron*. The State's complaint neither explicitly nor implicitly encompasses 3M's federal duties. The complaint expressly excludes all AFFF, and because 3M can only be held liable for its challenged conduct—the production of consumer PFAS products—and not its actions in supplying MilSpec AFFF, the complaint does not implicate 3M's performance of its federal duties. 3M instead contends that it is entitled to ignore the complaint's disclaimer and redefine the challenged conduct to include AFFF. *See* 3M Br. 21-22. But nothing in *Chevron* supports defining the challenged conduct expressly contrary to the complaint. Op. 9; *see also* State Br. 20-23.

This case is more like the climate lawsuits cited by the Court, where the challenged conduct did not justify removal. Op. 9. Removal in those cases did not satisfy the "relating to" requirement where the defendants tried to change the scope of challenged conduct. *See Minnesota v. API*, 64 F.4th 703, 715 (8th Cir. 2023) (finding little to no relationship between oil production activities and marketing to the general public); *see District of Columbia v. Exxon Mobil Corp.*, 89 F.4th 144, 156-57 (D.C. Cir. 2023) (finding conduct not to be related where plaintiff is not seeking damages for federal actions).

165 Capitol Avenue
Hartford, Connecticut 06106

*An Affirmative Action/Equal Opportunity Employer*

Ms. Wolfe
May 6, 2026
P a g e | **2**

   Finally, the Court's opinion does not reach the State's colorable federal defense argument. *See* Op. 10 n.5. The State's AFFF disclaimer preempts and renders moot 3M's government contractor defense, leaving it without a colorable federal defense to present to a federal court.

         Very truly yours,

         */s/ Christopher P. Kelly*
         Christopher Patrick Kelly
         Assistant Attorney General

         Counsel for Plaintiff-Appellee
         State of Connecticut

cc: All counsel of record (via electronic filing)