**Clement & Murphy**
PLLC

August 10, 2026

**<u>VIA CM/ECF</u>**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *State of Connecticut v. 3M Company, Inc.*, No. 25-11

Dear Ms. Wolfe:

The Eleventh Circuit's recent decision in *Town of Pine Hill v. 3M Company*, No. 25-10746 (attached), adds to the monolith of directly on-point court of appeals precedents confirming that this case belongs in federal court.

*Pine Hill* is indistinguishable from this appeal. Like Connecticut, Pine Hill filed two suits against 3M for alleged PFAS contamination of its water resources: one federal-court suit targeting AFFF sources, and another state-court suit targeting non-AFFF sources. Op.2, Op.10 n.4. As here, 3M removed the state-court suit under 28 U.S.C. §1442(a), plausibly alleging that AFFF PFAS it produced for the U.S. military have commingled with (and are indistinguishable from) any non-AFFF PFAS in Pine Hill's water. Op.3-4. Just like Connecticut, Pine Hill tried to avoid removal by "disclaim[ing] any relief from any contamination stemming from [AFFF]." Op.2. The district court granted remand.

The Eleventh Circuit disagreed and held that the case belongs in federal court. "[C]redit[ing] 3M's theory of the case," the Eleventh Circuit concluded that 3M had "plausibly alleged … a clear connection between the alleged [PFAS] contamination" in Pine Hill's water supply "and 3M's federal conduct," i.e., supplying AFFF PFAS to the military. Op.10-11. The court further held that Pine Hill's disclaimers—which mirror Connecticut's—"amount to artful pleading," Op.12, and were invalid because they "would require an Alabama state court 'to determine the nexus between the charged conduct and [3M]'s federal authority,'" Op.13. Judge Newsom concurred, emphasizing that Pine Hill's allegations of PFAS contamination are "inescapably 'related to' 3M's AFFF sales to the government" because the factfinder will "need to allocate causation and harm among those activities." Op.23. The Eleventh Circuit also held that 3M had plausibly alleged facts supporting each element of a federal government-contractor defense. Op.14-16; *accord* Op.17 (Newsom, J., concurring).

The Eleventh Circuit observed that its "decision is in good company with" recent decisions from the First and Fourth Circuits rejecting similar efforts to avoid federal jurisdiction by filing duplicative suits and offering circular disclaimers. Op.11-14 & n.5. This Court should join the consensus and reverse the decision below.

---

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

August 10, 2026
Page 2 of 2

Respectfully,

s/Paul D. Clement
Paul D. Clement

*Counsel for Defendants-Appellants*

Cc:  All Counsel of Record