Clement & Murphy
PLLC

October 29, 2025

**VIA CM/ECF**

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Horton v. GE*, No. 25-5958 (6th Cir. Sept. 9, 2026)

Dear Ms. Wolfe:

Contrary to the state's suggestion, *Horton* does not support affirmance. The plaintiff there sued over alleged exposure to asbestos during "more than a decade" of civilian employment for GE and expressly "waived" recovery for any exposure to asbestos during his military service from 1968-1972. Op.2-4. On those facts, the Sixth Circuit held that GE "ha[d] no colorable government-contractor defense" because "the challenged conduct [wa]s limited to GE's non-federal business," which was "separable by both time span and location from [GE's] federal conduct." Op.11-12.

The Sixth Circuit expressly distinguished the facts of *Horton* from other cases—including PFAS cases and its own decision in *Ohio ex rel. Yost v. Ascent Health Servs., LLC*, 165 F.4th 999 (6th Cir. 2026)—where a plaintiff seeks to disclaim a subset of claims involving a single course of indivisible conduct. Op.12-13. Indeed, the Sixth Circuit expressly distinguished *Maine v. 3M Co.*, 159 F.4th 129 (1st Cir. 2025), as a case where removal *was* appropriate because the plaintiff sought to evade federal jurisdiction by artificially disclaiming relief for "federally directed conduct [that] is inextricable from [the defendant's] challenged conduct." Op.10-12. *Horton* simply distinguished the asbestos case in front of it from the PFAS cases where multiple Circuits have found federal-officer removal appropriate. It thus provides no basis for this Court to create a circuit split.

Nor does *Horton* support—much less "validate[]"—Connecticut's contention that a state court may properly "apportion liability" between PFAS from federal and non-federal sources. *Contra* Ltr.1. The Sixth Circuit found "no occasion to express an opinion" on whether "allocat[ion]" of damages "between federal and nonfederal sources" must occur in federal court. Op.13. But this Court has already answered that question, holding that where federal conduct and non-federal conduct plausibly contribute to the same indivisible injury, the resulting causation and allocation questions "should be decided by a federal, not state, court." *Cnty. of Westchester v. Express Scripts, Inc.*, 2026 WL 2589574, at *7-8 & n.9 (2d Cir. Sept. 2, 2026). *Horton* simply does not grapple with that issue, and, even if it had, *Westchester* is binding precedent that requires reversal here.

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

Respectfully,

s/Paul D. Clement
Paul D. Clement

*Counsel for Defendants-Appellants*

Cc: All Counsel of Record